[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12835

_____

D. C. Docket No. 07-20782-CV-MGC

OSMEL ALVAREZ,

Petitioner-Appellant,

versus

WALTER A. McNEIL, Secretary,
Department of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 30, 2009)

Before EDMONDSON, BLACK and SILER,[*] Circuit Judges.

PER CURIAM:

_____

[*]Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting
by designation.

Osmel Alvarez, a Florida prisoner serving a life sentence for armed sexual battery, armed aggravated battery, armed kidnaping, and impersonating a police officer while committing a felony with a firearm, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. He argues that, because his *Miranda* rights were violated, the trial court erred when it denied his motion to suppress his confession. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966). We affirm the judgment of the district court.

Alvarez argues that his statements to the police and taped confession were not freely and voluntarily given. He further argues that he did not knowingly waive his right to have an attorney present when he made incriminating statements to the detectives. He asserts that his confession was the result of the detectives' failure to scrupulously honor his unequivocal request for counsel by their initiation of further interrogation after he invoked his right to counsel.

The detectives first asked Alvarez whether he knew why he had been arrested. Alvarez responded that he had been arrested for leaving the scene of an accident, which was incorrect. After the detectives read Alvarez his *Miranda* rights, Alvarez unequivocally invoked his Fifth, Sixth, and Fourteenth Amendment rights.

The detectives next informed Alvarez that he was charged with sexual

2

battery, kidnaping, and attempted murder. Thereafter, Alvarez spontaneously made several incriminating statements. The detectives replied that, because he had invoked his *Miranda* rights, they could not speak to him about the case. The detectives then left the interrogation room.

When they returned, the detectives again read Alvarez his *Miranda* rights. At that time, Alvarez unequivocally waived his *Miranda* rights, and the detectives taped his confession.

At trial, Alvarez moved to suppress his incriminating statements and taped confession. The trial court denied his suppression motion, finding that the detectives' notification to Alvarez of the pending charges against him did not constitute interrogation, and that Alvarez initiated any further communication with the detectives. The state appellate court affirmed. Subsequently, the district court denied Alvarez's habeas petition.

We review the district court's denial of Alvarez's habeas petition *de novo*. *Wright v. Hopper*, 169 F.3d 695, 701 (11th Cir. 1999). "The district court's factual findings are reviewed for clear error, while mixed questions of law and fact are reviewed *de novo*." *McNair v. Campbell*, 41 F.3d 1291, 1297 (11th Cir. 2005).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

3

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is "contrary to" clearly established federal law if it either (1) contradicts a rule established by the Supreme Court or (2) contradicts the holding of a Supreme Court case with materially indistinguishable facts. *Osborne v. Terry*, 466 F.3d 1298, 1305 (11th Cir. 2006). A state court's decision is an "unreasonable application" of federal law "if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the face of the petitioner's case." *Id*.

Under AEDPA, a state court's determinations of facts are "presumed to be correct," and the habeas petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "However, the statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact." *Parker v.*

4

*Head*, 244 F.3d 831, 836 (11th Cir. 2001).

An accused has a Fifth and Fourteenth Amendment right to have counsel present during custodial interrogation. *Edwards v. Arizona*, 451 U.S. 477, 481-82, 101 S.Ct. 1880, 1883 (1981). "[W]hen an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights." *Id*. at 484, 101 S.Ct. at 1884-85. Furthermore, "an accused, . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Id*. at 484-85, 101 S.Ct. at 1885. The term "interrogation" refers "to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689-90 (1980) (citation omitted).

The state court's finding that the detectives could constitutionally inform Alvarez of the charges pending against him is a mixed question of fact and law which is reviewed *de novo*. *See Parker*, 244 F.3d at 836. Informing a person in

5

custody of the charges that he faces is normally attendant to arrest and custody and does not constitute interrogation. *See Innis*, 446 U.S. at 301, 100 S.Ct. at 1689-90.

Moreover, the state court made a factual finding that Alvarez initiated further communication with the police, and Alvarez has failed to demonstrate this finding was an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2). Indeed, in his attempt to demonstrate the unreasonableness of the state court's factual findings, Alvarez primarily relies on the contents of a deposition given by Detective Robert Brown in the case; however, this deposition testimony was not admitted into evidence at the pretrial suppression hearing.

The state court's affirmance of the denial of the suppression motion was not an unreasonable application of federal law. *See Osborne*, 466 F.3d at 1305. Accordingly, the district court did not err in denying Alvarez's habeas petition.

AFFIRMED.